clerk Linda Mason - wrote for "" &...

need Atty info

MURSC# 276-21   7/19/21

STATE OF MAINE                    UNIFIED CRIMINAL COURT
ANDROSCOGGIN, SS                  AUBURN
                                  DOCKET NO. CR- 2019-2321

STATE OF MAINE  < AAG Lisa Bogue
                  ADA Katherine Bozeman

                    **ORDER # 2 ON PENDING MOTIONS**

v.

GAGE DALPHONSE — James Howaniec + Jesse Archer
Defendant

The Defendant, Gage Dalphonse, is charged with the intentional or knowing murder of Jean Fournier on July 27, 2019 in Auburn. Venue has been changed to Kennebec County. Trial is scheduled to begin with jury selection on September 13, 2021, with the trial to follow immediately thereafter.

Over the past several months, the parties have filed numerous motions. It may be helpful to provide a description of those motions and how some of them were resolved, and what now remains to be resolved by the court.

*1. Defendant's Motion to Exclude "Instant Paralysis Theories."*

The court held an evidentiary hearing on this motion on ~~September~~ July 13, 2021 and received the testimony, via ZOOM, from Dr. Elizabeth Bundock, M.D. and Dr. Jonathan Arden, M.D. In connection with this motion, the court admitted, without objection, State's Exhibits 1-4 being, respectively, the reports and curriculum vitae of Drs. Bundock and Arden. After hearing and on the record, the court denied the motion because it found that Dr. Bundock's

opinion that gunshot wound "A" would have caused immediate paraplegia in Mr. Fournier was relevant and that Dr. Bundock never opined that Mr. Fournier would have dropped immediately to the ground in the very location where he received that shot.

### 2. *Defendant's Motion to Suppress and Request for Franks Hearing and State's Motion to Dismiss*

The Defendant's request for a *Franks* hearing was denied by the court in an order dated June 3, 2021. Subsequently, by letter dated June 20, 2021, the Defendant, through counsel, withdrew the motion to suppress. As a result, the court deems the State's motion to dismiss as moot.

### 3. *State's Motioni in Limine to Exclude Criminal Convictions and Prior Bad Acts*

For the reasons stated on the record on July 13, 2021, any prior convictions the parties intend to use to impeach a witness shall be governed by M.R.Evid. 609, and will be addressed and decided by the court at the time of trial. Counsel are reminded and directed to inform the court in advance and outside the presence of the jury, what specific criminal convictions are intended to be used for impeachment purposes.

With respect to the use of prior convictions or prior "bad acts" or evidence of the alleged reputation for violence of Jean Fournier, the court will be guided by the Law Court's decisions on this issue, including *State v. Holland*, 2012 ME 2, 34 A.3d 1130 and *State v. Stanley*, 2000 ME 22, 7454 A.3d 981. Counsel are again reminded and directed that any intended use of this type of evidence shall be brought to the attention of the court in advance and outside the presence of the jury.

Accordingly, the court's ruling on the State's motion will be deferred until the time of trial.

## 4. *Defendant's Motion in Limine to Exclude Evidence of "Racking" Firearm*

For the reasons stated on the record on July 13, 2021, this motion is denied. The basis for this motion is the assertion that the passenger with the Defendant at the time of the encounter with Mr. Fournier, is alleged to have told Det. Leighton that he saw or heard the Defendant "cock" the gun. This apparently prompted Det. Leighton to use the term "racking." The Defendant contends that the physical evidence is inconsistent with any "cocking" or "racking" of the gun.

It is not the court's role to direct a witness as to what he may or may not have seen or heard or when. If the physical evidence is inconsistent with the witness's memory of what happened, he will be subject to impeachment and it will be up to the jury to evaluate the evidence.

## 5. *Defendant's Motion for Exception to Sequestration Order*

As stated on the record, the court appreciates the desire of the Defendant's parents to attend the entire trial in support of their son. The motion will be granted in part at this time. Mrs. Dalphonse is excluded from any sequestration order that may be entered by the court and may attend the entire trial, notwithstanding the fact that she may be called as a witness during the trial.

With respect to Mr. Dalphonse, the court will defer ruling at this time. From the comments of Defense Counsel at the hearing on July 13, 2021, it appears that Mr. Dalphonse has been heavily involved in the preparation of the defense, and the extent of his testimony may be more substantial than merely background information. Nevertheless, the court is not precluding his attendance at the trial in its entirety at this time, but wants more specific information about his role as a witness before making a final ruling.

3

*6. State's Motion for Reconsideration re: Shooting Incident Review by Sgt. Scott Bryant and State's Motion in Limine to Exclude Firearm and Shooting Scene Expert Testimony*

In an Order dated July 27, 2020, the court granted the Defendant's Motion in Limine to Exclude Evidence of State's "Shooting Incident Review, Analysis and Reconstruction." The State has now moved for reconsideration of that earlier Order. Based on the court's Order of July 27, 2020, and for the reasons expressed by the court there, the State has also moved to exclude the firearm and shooting scene reconstruction evidence and testimony offered by the Defendant's expert, Marc E. Dupre of FoCoss Forensics. State's Exhibits 5 and 6 were admitted without objection at the hearing on July 13, 2021. Sgt. Bryant's reconstruction report and curriculum vitae were admitted as State's Exhibits 1 and 2 at the hearing held on July 17, 2020.

Before directly addressing the pending motions, two initial points must be made. First, the State has conceded that Sgt. Bryant should not be permitted to testify and will not testify to the following: "Once the decision to initiate gunfire was made by Dalphonse, this engagement and subsequent gunfire was under the total control of Dalphonse and at no time did it appear Dalphonse was on the defensive." *See page 6 of Bryant Reconstruction Report.*

Second, the State further acknowledges that if the court grants its motion for reconsideration regarding Sgt. Bryant's report, its motion to exclude Mr. Dupre's report and testimony should be denied.

The court is confident that it will come as no surprise to the parties that the court has struggled to understand the specifics of what Sgt. Bryant would testify to in the form of an expert opinion. *See comments by court on July 17, 2020. Transcript at pages 80, 87, 93-95.* That struggle ultimately led to the

4

court's Order of July 27, 2020, in which it found that Sgt. Bryant's report and proffered testimony had slight probative value and helpfulness to the jury.

In the meantime, the Defendant's expert, Marc Dupre, prepared a report regarding his opinions as to the shooting scene. It was in examining Mr. Dupre's report and his opinions, and re-reading Sgt. Bryant's report and testimony of July 17, 2020, that the court began to have a better appreciation of the probative value of the shooting scene reconstruction evidence. In a sense, Mr. Dupre's report crystallized the issues for the court in a clearer fashion. The court found Sgt. Bryant's testimony on July 17, 2020 to be less than clearly presented, and Mr. Dupre's report put the contested issues and the differing opinions of the experts in sharper view.

For example, one of the differences of opinion between Sgt. Bryant and Mr. Dupre is where Mr. Fournier was positioned at the time the shots were fired. Mr. Dupre opines that Mr. Fournier is at the driver's side window when the first shot was fired. He relies on a number of items of evidence, including but not limited to, the path of bullet wound "B" within Mr. Fournier's body, the fact that an expended shell casing was found inside the car, and the pattern of lead residue.

Sgt. Bryant is of the view that Mr. Fournier is moving towards the rear of the VW when both shots were fired. He bases this on the lead residue pattern, the severity of the shots and the movement of Mr. Fournier as seen in the Wal-Mart video, among other things.

Both of these scenarios may be subject cross-examination and impeachment. But that is not a reason to exclude evidence from Sgt. Bryant and Mr. Dupre for consideration and evaluation of the jury.

Having closely re-examined Sgt. Bryant's report and his testimony, the court agrees with the State that his testimony is helpful and relevant for the

jury to consider, just as Mr. Dupre's testimony is. Both experts may have flaws in their analysis and be impeached, but that is not for the court to pre-judge. The testimony of both Sgt. Bryant and Mr. Dupre meet the reliability standards for admissibility as expert opinion evidence, is relevant and is helpful to the jury. *See State v. Williams*, 2020 ME 128, ¶¶ 25-27, 241 A,.3d 835.

Accordingly, the court grants the State's motion for reconsideration, with the exception noted above, and denies the State's motion to exclude Mr. Dupre's testimony.

To summarize:

Defendant's Motion to Exclude "Instant Paralysis Theories" is DENIED.

Defendant's request for *Franks'* Hearing was previously DENIED by Order dated June 3, 2021.

Defendant's Motion to Suppress was WITHDRAWN on June 20, 2021.

State's Motion to Dismiss is MOOT.

State's Motion in Limine to Exclude Criminal Convictions and Prior Bad Acts is DEFERRED until trial.

Defendant's Motion in Limine to Exclude Evidence of "Racking" of Firearm is DENIED.

Defendant's Motion for Exception to sequestration Order is GRANTED in part and DEFERRED in part.

State's Motion for Reconsideration re: Shooting Incident Review by Scott Bryant is GRANTED.

State's Motion in Limine to Exclude Firearm and Shooting Scene Expert Testimony is DENIED.

Date: July 19, 2021

William R. Stokes
Justice, Superior Court